1  MATTHEW A. NECO - CA. SB No. 128281
   THE MATTHEW NECO FIRM
2  P.O. Box 161
3  Santa Monica, CA. 90406
   T: 310-570-2552
4  F: 310-496-1943
   Matt@NecoFirm.com
5
   Attorney For Movant
6  DANIEL S. MANNING

FILED
MAY 10 2010
CLERK U S BANKRUPTCY
CENTRAL DISTRICT
BY:

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:10-bk-17937-RN |
| JOAN ELIZABETH MANNING, | Chapter 7 |
| Debtor. | NOTICE OF MOTION AND MOTION OF DANIEL S. MANNING TO TAKE A BANKRUPTCY RULE 2004 EXAMINATION OF AND RECEIVE PRODUCTION OF DOCUMENTS FROM THE DEBTOR |
| | NOTE: No hearing is required to be held on this Motion, per CD CA Bankruptcy Court Local Rule 2004-1(d) |
| | NOTE: Movant counsel and Debtor counsel have agreed on the terms stated in herein proposed Order, please see signatures at end of Order |

MOTION OF DANIEL MANNING FOR RULE 2004 EXAM OF DEBTOR
CASE NO. 2:10-bk-17937-RN

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPCTY JUDGE, THE UNITED STATES TRUSTEE, THE CHAPTER 7 TRUSTEE, THE CHAPTER 7 DEBTOR AND HER ATTORNEY, AND ALL PARTIES AND THEIR ATTORNEYS:**

Daniel Manning ("Movant" or "Mr. Manning") brings this motion to take a Bankruptcy Rule 2004 examination of and receive production of documents from the Debtor. Movant moves that this honorable Court order Debtor to produce the documents requested herein, and appear for an oral examination to be examined within the scope of examination set forth herein, on the date agreed upon by Movant and Debtor as set forth herein.

Movant Mr. Manning's counsel, Matthew Neco, Esq., and Debtor Joan Manning's bankruptcy counsel, The Bankruptcy Law Firm, PC, by Kathleen P. March, Esq., have met and conferred regarding scope of 2004 exam and scope of documents to be produced at same. The Debtor does not admit to any of the factual contentions set forth in this Motion, and reserves all rights to deny or contest same. However, Debtor and Movant Mr. Manning have agreed, through their counsel, that Movant will limit the 2004 exam to the items set forth in paragraph 3 (page 3-4) this Motion, and will limit his 2004 examination document production request to the documents stated in paragraph 4 (page 4-5) of this Motion, and in exchange for Daniel Manning so limiting his 2004 examination and document request thereto, Debtor Joan Manning has agreed not to oppose Movant Daniel Manning's herein Motion for 2004 exam, and Debtor Joan Manning agrees that she will appear on June 3, 2010, and give a 2004 exam of not more than 8 hours, to be held and completed on June 3, 2010, if the Court so orders, and agrees that at said June 3, 2010 2004 exam, that debtor will produce those of the documents listed in the herein production list that Debtor possesses. Daniel Manning agrees that said June 3, 2010 2004 exam shall be the only 2004 exam that Mr. Manning shall seek or take with Debtor Joan Manning as the witness, including that Daniel Manning shall not seek to take additional 2004 exam of Joan Manning in the capacity as being the Officer or Managing Member of any corporation, LLC, or LLP or trust, and the Order to be submitted on the herein Motion shall state the limitations stated in this paragraph. Copy of the

proposed order, to be lodged, is attached as Exhibit A hereto.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

### I. INTRODUCTION AND BACKGROUND

1.    The Debtor, Joan Elizabeth Manning ("Debtor" or "Ms. Manning"), filed a Chapter 7 petition on March 4, 2010. The Section 341(a) First Meeting of Creditors occurred on April 14, 2010, and was continued until May 10, 2010.

2.    The Movant seeks to conduct a Rule 2004 examination of and receive production of documents from the Debtor to, he contends, better determine:

    a. the scope and particularities of claims under Sections 523 and 727 of the Bankruptcy Code,

    b. whether grounds exist to object to any of the Debtor's exemption claims,

    c. the basis for the Debtor's claim that Mr. Manning owes the Debtor money, and

    d. whether Debtor failed to schedule and disclose certain debts, liabilities, and assets.

### II. THE SCOPE OF THE PROPOSED RULE 2004 ORAL EXAMINATION AND DOCUMENT PRODUCTION

3.    Movant seeks to conduct a Rule 2004 oral examination regarding the following:

    a. All loans and loan applications where Debtor may have had liability in relation to Unit #306 of 1040 4th Street, Santa Monica, CA. 90403 ("Unit #306"), Unit #104 of 1040 or 1044 4th Street, Santa Monica, CA. 90403 ("Unit #104"), and Unit #1A of 603 Ocean Ave, Santa Monica, CA 90402 (Unit #1A).

    b. The use by Debtor of the proceeds of all loans in relation to Unit #306, Unit #104

and Unit #1A.

c. Whether Debtor and/or any other person or entity made loans to and/or capital investments in certain entities in which Debtor had a controlling interest, i.e., (1) JEM Financial Group, Inc., (2) JEM Financial Fitness, LLC and/or, (3) JEM Financial Consulting, LLC, and the use of the funds, and any payments or forgiveness of debt on those loans.

d. Whether there is or was unity of interest between Debtor and (1) JEM Financial Group, Inc.; (2) JEM Financial Fitness, LLC; or, (3) JEM Financial Consulting, LLC.

e. The Debtor's contention that Mr. Manning owes her (or the Chapter 7 Estate) $675,000 or any amount in connection with her having purportedly supported their brother, Richard ("Dick").

4. Movant seeks production of the following documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the Debtor into a reasonably usable form, in the possession, custody or control of Debtor:

a. Promissory notes, or agreements evidencing the loan receivable, which is or are in the possession, custody or control of Debtor, as the designated tax matter partner and/or 50% membership interest holder of the Cali4 Real Estate LLC, a California limited liability company.

b. Promissory notes, agreements or any other writings supporting the Debtor's contention that Movant agreed that he would pay for or reimburse Debtor for half of the out of pocket expenses used for brother Richard. Movant is not now asking

for documents showing what those expenses were, though Movant reserves the right to orally examine Debtor as to what those expenses were.

c. Any personal balance sheets or financial statements of the Debtor for any years LLCs in which Movant and the Debtor each has or had a 50% interest (i.e, Cali4 Investments LLC, and Cali4 Real Estate LLC, both California limited liability companies) borrowed money, which are the following years: 2002, 2004, 2005, 2006, 2007.

### III. MOVANT'S BUSINESS RELATIONSHIP WITH DEBTOR

5.  Movant is a brother of the Debtor. Movant lives in Massachusetts. Movant and the Debtor each have a 50% interest in a California limited liability company, Cali4 Real Estate LLC ("Cali4 RE"). Cali4 RE owns two condominiums located at 1040 4th Street, Santa Monica. Their parents, through different vehicles (A California general partnership and a trust) purchased two condominiums in Santa Monica, California. Movant contends that one of the apartments, #306, was for their own use, and the other, #104, for Dick to live in. Dick has a mental disability, which has prevented him from working to earn a living. His sole income for many years has been from Social Security disability assistance. While Dick lives independently he needs assistance in managing his finances and with certain other matters.

6.  The parents of Movant, Debtor, and Dick died in the 1990s. Because of Dick's disability, the parents had decided to leave all their assets to Movant and Debtor, with a "moral obligation" for the two of them to use these assets to meet Dick's needs. The assets consisted of some publicly traded stock and the two condominium units. Movant contends that Debtor agreed to manage the assets in a way that met Dick's needs and preserved the assets for the long term.

7.  Movant contends that starting in 2001 Debtor asked Movant to agree to use the assets to loan money to her or to one or more of her businesses to expand them and that Debtor borrowed $89,000 for her sole proprietorship, JEM Consulting LLC and/or JEM Fitness LLC or directly to JEM Consulting LLC and/or JEM Fitness LLC in 2001 and an additional $148,400 in 2002.

8.  Movant contends: Between 2002 and 2007 Debtor persuaded Movant on 6 separate occasions to allow Cali4 RE to take out loans on each of #104 and #306, secured by each condominium; Each time Debtor represented that she needed or wanted to borrow money for one or more of her businesses; Debtor assured Movant that she had the capacity to repay the loans and Movant relied upon those assurances, her representations, and the information in the documents she supplied to Movant, including what her income was; By 2007 Debtor had borrowed a total of $1,234,775 for her businesses.

9.  Debtor is now claiming that Movant owes her $675,000 for support for Dick. Movant contends: that he never agreed to provide support for Dick other than to use the income from his share of the assets his parents left to enable Dick to live in #104 and have his basic needs met; Debtor said, repeatedly, that she had sufficient income to provide Dick with various things as gifts from her and that she was not asking Movant to contribute for those things; Debtor has not provided an accounting to support her claim that Movant owes her money for Dick's support.

## IV. RULE 2004 EXAMINATIONS ALLOW FOR A VERY BROAD SCOPE OF EXAMINATION AND DOCUMENT PRODUCTION

10. Rule 2004 examinations allow for a very broad scope of examination, including "all matters relevant to the debtor's financial affairs." FED. R. BANKR. P. 2004, In re Arkin-Medo, Inc., 44 B.R. 138, 139 (Bankr. S.D. NY), see 8B C.J.S. Bankruptcy §§ 815-21, Matter of Wilcher, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985). The nature of a rule 2004 examination may include questions

that may rightly be termed a 'fishing expedition.' See 8B C.J.S. Bankruptcy § 827 fn 4-5 (citing In re Johns-Manville Corp., 42 B.R. 362 (S.D. N.Y. 1984), In re Vantage Petroleum Corp., 34 B.R. 650 (Bankr. E.D. N.Y. 1983)).

11.     A debtor may be examined under Fed. R. Bankr. P. Rule 2004 with respect to: (1) the acts, conduct, or property of the debtor; (2) the liabilities and financial condition of the debtor; (3) any matter which may affect the administration of the debtor's estate; **or (4) the debtor's right to a discharge**. The general rule is that the scope of an examination under Rule 2004 is very broad. In re Duratech Industries, Inc., 241 B.R. 283 (E.D. N.Y. 1999); Matter of Wilcher, 56 B.R. 428 (Bankr. N.D. Ill. 1985); In re Table Talk, Inc., 51 B.R. 143 (Bankr. D. Mass. 1985); In re Arkin-Medo, Inc., 44 B.R. 138 (Bankr. S.D. N.Y. 1984). Great latitude of inquiry is ordinarily permitted. Matter of Wilcher, 56 B.R. 428 (Bankr. N.D. Ill. 1985). All matters relevant to the debtor's financial affairs are allowable subjects of inquiry. In re Arkin-Medo, Inc., 44 B.R. 138 (Bankr. S.D. N.Y. 1984)., The examination can legitimately be in the nature of a "fishing expedition," (In re Duratech Industries, Inc., 241 B.R. 283 (E.D. N.Y. 1999); Matter of Wilcher, 56 B.R. 428 (Bankr. N.D. Ill. 1985)) even if an issue is the subject of pending litigation or possible future litigation and even if such future litigation would constitute a noncore proceeding or could be tried only in district court. In re Table Talk, Inc., 51 B.R. 143 (Bankr. D. Mass. 1985). The scope of examination is therefore such that creditors should be able to ascertain, prior to filing a dischargeability complaint, whether a reasonable basis exists for the facts alleged and whether the facts are sufficient to meet the burden of substantial justification. In re Woods, 69 B.R. 999 (Bankr. E.D. Pa. 1987).

12.     The scope of examination under Fed. R. Bankr. P. 2004 is larger than that allowed with respect to discovery under the Federal Rules of Civil Procedure. In re Duratech Industries, Inc., 241 B.R. 283 (E.D. N.Y. 1999); Matter of Wilcher, 56 B.R. 428 (Bankr. N.D. Ill. 1985).

13. The proposed production and examination is not so broad as to be more disruptive and costly to the Debtor than beneficial to the Movant and is not being used be used to harass the Debtor or frivolously waste the assets of the Debtor. It does not encompass matters that will be unduly burdensome to the Debtor or duplicative of previously furnished information. There is good cause, and there is good cause to receive a production of those documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the Debtor into a reasonably usable form, in the possession, custody or control of Debtor.

## V. THE AGREED UPON DOCUMENT PRODUCTION AND SCOPE OF EXAMINATION

14. Movant and the Debtor agree that the Debtor will produce the documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the Debtor into a reasonably usable form, in the possession, custody or control of Debtor, set forth in Paragraph 4 of this motion.

15. Movant and Debtor agree that the scope of the oral examination may be as set forth in Paragraph 3 of this motion.

16. Movant reserves the right to reasonably ask questions that go beyond the scope as set forth in Paragraph 3 of this motion in the course of the examination, and Debtor reserves the right to object and observe instructions from Debtor's counsel not to answer if Debtor believes that Movant

Case 2:10-bk-17937-RN    Doc 17    Filed 05/10/10    Entered 05/12/10 16:18:00    Desc
Main Document    Page 9 of 20

has asked question that have unreasonably gone beyond the scope as set forth in Paragraph 3 of this motion in the course of the examination.

17. Movant and Debtor have agreed that the Rule 2004 Examination will occur on June 3, 2010, at The Bankruptcy Law Firm, PC, 10524 W. Pico Blvd, Suite 212, LA, CA 90064 (offices of Debtor's counsel), or some other location if some other location in Los Angeles County can be agreed upon by the Movant and Debtor, to commence at 9:00 a.m., and to be completed on June 3, 2010, and shall not to last more than a total of 8 hours, excluding breaks. Movant and Debtor further agree that said June 3, 2010 2004 exam shall be the only 2004 exam which Movant shall seek to take, or will take, with Debtor as the witness being examined, including that Movant shall not seek to take, or take, any further 2004 exam of any corporation, LLC, LLP, or trust where Debtor would be the witness being examined for that entity.

## VI. CONCLUSION

18. In conclusion, Movant requests that pursuant to Bankruptcy Rule 2004 this honorable Court order Debtor to produce to Movant the documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the Debtor into a reasonably usable form, in the possession, custody or control of Debtor, as set forth above, that the Debtor produce the foregoing

///

9    Case No. 2:10-bk-17937-RN
MOTION OF DANIEL MANNING FOR RULE 2004 EXAM OF DEBTOR

1
2  and appear for an oral examination on June 3, 2010, at 9:00 a.m., at The Bankruptcy Law Firm, PC,
3  10524 W. Pico Blvd, Suite 212, LA, CA 90064 (offices of Debtor's counsel), or some other location
4  if some other location in Los Angeles County can be agreed upon by the Movant and Debtor.
5
6  Respectfully submitted, May 7th, 2010                THE MATTHEW NECO FIRM
7
8
9                                                       By: _____
                                                         MATTHEW A. NECO
10                                                       Attorney for Movant
                                                         DANIEL S. MANNING
11
12  Debtor Joan Manning agrees not to oppose entry of a 2004 exam order for 2004 exam to be held on
13  June 3, 2010, to be taken and concluded on that date, at The Bankruptcy Law Firm, PC, 10524 W.
14  Pico Blvd, Suite 212, LA, CA 90064, for not more than total of 8 hours of examination, excluding
15  breaks, with the scope of said 2004 exam to be as stated in paragraph 3 (p3-4 supra) and for the
16
17  document production at said 2004 exam to be as stated at paragraph 4 (p4-5 supra), to extent Debtor
18  has such documents, and with the June 3, 2010 2004 exam to be the only 2004 exam to be sought or
19  taken by Movant Dan Manning, in which Debtor is the witness examined, as Debtor, or as
20  representative, officer or manager of any corporation, LLC, LLP or trust. (Proposed) Order to be
21  lodged shall be form of order attached as Exhibit A hereto.
22
    THE BANKRUPCTY LAW FIRM, PC
23
    By:_____
24  KATHLEEN P. MARCH,
    attorney for Debtor,
25  JOAN E. MANNING
26  *please see signature on the following page
27
    pld - Manning Mot Rule 2004 Exam - BkyLawFirm rev 0100507 rev by Neco rev by KPM 5pm 050710.docx
28  ------------------------------------------------------------------------------------------
                                    10            Case No. 2:10-bk-17937-RN
              MOTION OF DANIEL MANNING FOR RULE 2004 EXAM OF DEBTOR

and appear for an oral examination on June 3, 2010, at 9:00 a.m., at The Bankruptcy Law Firm, PC, 10524 W. Pico Blvd, Suite 212, LA, CA 90064 (offices of Debtor's counsel), or some other location if some other location in Los Angeles County can be agreed upon by the Movant and Debtor.

Respectfully submitted, May ___, 2010            THE MATTHEW NECO FIRM


                                                 By:_____
                                                    MATTHEW A. NECO
                                                    Attorney for Movant
                                                    DANIEL S. MANNING

Debtor Joan Manning agrees not to oppose entry of a 2004 exam order for 2004 exam to be held on June 3, 2010, to be taken and concluded on that date, at The Bankruptcy Law Firm, PC, 10524 W. Pico Blvd, Suite 212, LA, CA 90064, for not more than total of 8 hours of examination, excluding breaks, with the scope of said 2004 exam to be as stated in paragraph 3 (p3-4 supra) and for the document production at said 2004 exam to be as stated at paragraph 4 (p4-5 supra), to extent Debtor has such documents, and with the June 3, 2010 2004 exam to be the only 2004 exam to be sought or taken by Movant Dan Manning, in which Debtor is the witness examined, as Debtor, or as representative, officer or manager of any corporation, LLC, LLP or trust. (Proposed) Order to be lodged shall be form of order attached as Exhibit A hereto.

THE BANKRUPCTY LAW FIRM, PC
By: _____ /m 5-7-10
KATHLEEN P. MARCH,
attorney for Debtor,
JOAN E. MANNING

pld - Manning Mot Rule 2004 Exam - BkyLawFirm rev 0100507.009c.docx

---

                                    10                    Case No. 2:10-bk-17937-RN
           MOTION OF DANIEL MANNING FOR RULE 2004 EXAM OF DEBTOR

Exhibit A

MATTHEW A. NECO - CA. SB No. 128281
THE MATTHEW NECO FIRM
P.O. Box 161
Santa Monica, CA. 90406
T: 310-570-2552
F: 310-496-1943
Matt@NecoFirm.com

Attorney For Movant
DANIEL S. MANNING

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re <br><br> JOAN ELIZABETH MANNING, <br><br> Debtor. | Case No.: 2:10-bk-17937-RN <br><br> Chapter 7 <br><br> ORDER GRANTING MOTION OF DANIEL S. MANNING TO TAKE A BANKRUPTCY RULE 2004 EXAMINATION OF DEBTOR, AND TO RECEIVE PRODUCTION OF DOCUMENTS FROM THE DEBTOR AT SAID 2004 EXAMINATION <br><br> NOTE: No hearing is required to be held on this Motion, per CD CA Bankruptcy Court Local Rule 2004-1(d) <br><br> NOTE: Movant counsel and Debtor counsel have agreed on the terms stated in herein proposed Order, please see signatures at end of Order |

---
ORDER GRANTING MOTION OF DANIEL MANNING FOR RULE 2004 EXAM OF DEBTOR
CASE NO. 2:10-bk-17937-RN

**ON THE MOTION OF DANIEL S. MANNING TO TAKE A BANKRUPTCY RULE 2004 EXAMINATION OF AND RECEIVE PRODUCTION OF DOCUMENTS FROM THE DEBTOR THE COURT FINDS AND ORDERS;**

Daniel Manning ("Movant" or "Mr. Manning") brought a Motion (the "Motion") seeking an Order to take a Bankruptcy Rule 2004 oral examination of Debtor Joan Manning ("Debtor"), and for production of documents by Debtor at said 2004 examination.

The Debtor, Joan Elizabeth Manning ("Debtor" or "Ms. Manning"), filed a Chapter 7 petition on March 4, 2010. The Section 341(a) First Meeting of Creditors occurred on April 14, 2010, and was continued until May 10, 2010.

Movant, by his counsel, and Debtor, by Debtor's counsel The Bankruptcy Law Firm, PC, by Kathleen P. March, Esq., having met and conferred regarding scope of said 2004 exam, and regarding documents to be requested to be produced at said 2004 exam, and having reached agreement (see signature of Debtor's counsel at end of this Order) re terms of 2004 examination, and document production thereat, as stated herein, and good cause appearing for GRANTING the Motion as agreed to in the herein Order, Movant Daniel Manning's Motion for 2004 examination is granted as follows: :

1. Movant may conduct a Rule 2004 oral examination of Debtor Joan Manning regarding the following:

    a. All loans and loan applications where Debtor may have had liability in relation to Unit #306 of 1040 4th Street, Santa Monica, CA. 90403 ("Unit #306"), Unit #104 of 1040 or 1044 4th Street, Santa Monica, CA. 90403 ("Unit #104"), and Unit #1A of 603 Ocean Ave, Santa Monica, CA 90402 (Unit #1A).

    b. The use by Debtor of the proceeds of all loans in relation to Unit #306, Unit #104 and Unit #1A.

---

  c. Whether Debtor and/or any other person or entity made loans to and/or capital investments in certain entities in which Debtor had a controlling interest, i.e., (1) JEM Financial Group, Inc., (2) JEM Financial Fitness, LLC and/or, (3) JEM Financial Consulting, LLC, and the use of the funds, and any payments or forgiveness of debt on those loans.

  d. Whether there is or was unity of interest between Debtor and (1) JEM Financial Group, Inc.; (2) JEM Financial Fitness, LLC; or, (3) JEM Financial Consulting, LLC.

  e. The Debtor's contention that Mr. Manning owes her (or the Chapter 7 Estate) $675,000 or any amount in connection with her having purportedly supported their brother, Richard ("Dick").

2. To the extent Debtor possesses such documents, Debtor shall at the commencement of the 2004 examination produce to Movant the following documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the Debtor into a reasonably usable form, in the possession, custody or control of Debtor:

  a. Promissory notes, or agreements evidencing the loan receivable, which is or are in the possession, custody or control of Debtor, as the designated tax matter partner and/or 50% membership interest holder of the Cali4 Real Estate LLC, a California limited liability company.

  b. Promissory notes, agreements or any other writings supporting the Debtor's contention that Movant agreed that he would pay for or reimburse Debtor for half of the out of pocket expenses used for brother Richard. Movant is not now asking

---

3  Case No. 2:10-bk-17937-RN
ORDER GRANTING MOTION OF DANIEL MANNING FOR RULE 2004 EXAM OF DEBTOR

Exhibit A, Pg. 3 of 6

for documents showing what those expenses were, though Movant reserves the right to orally examine Debtor as to what those expenses were.

    c. Any personal balance sheets or financial statements of the Debtor for any years LLCs in which Movant and the Debtor each has or had a 50% interest (i.e, Cali4 Investments LLC, and Cali4 Real Estate LLC, both California limited liability companies) borrowed money, which are the following years: 2002, 2004, 2005, 2006, 2007.

    3. Per the agreement of the parties, the 2004 exam here ordered shall be the only Rule 2004 exam that Movant Daniel Manning shall seek or take with Debtor Joan Manning as the witness, including that Daniel Manning shall not seek to take any additional Rule 2004 exam of Joan Manning in the capacity of Joan Manning being the Officer or Managing Member or representative of any corporation, LLC, LLP or trust.

    4. The Rule 2004 Examination here ordered shall be held and completed on June 3, 2010 (unless Movant and Debtor, through their counsel, hereafter agree to some other date, in writing), and shall be taken at The Bankruptcy Law Firm, PC, 10524 W. Pico Blvd, Suite 212, LA, CA 90064 (offices of Debtor's counsel), unless the parties in writing by their counsel agree to a different location, to commence at 9:00 a.m. on June 3, 2010 (or such other date as is in writing hereafter agreed to), and to be completed that same date, and shall not to last more than a total of 8 hours of examination (lunch break and restroom breaks not counted in the 8 hours).

IT IS SO ORDERED ON THE ____ DAY OF MAY, 2010.

_____
The Honorable Richard M. Neiter,
United States Bankruptcy Court Judge

---

4    Case No. 2:10-bk-17937-RN
ORDER GRANTING MOTION OF DANIEL MANNING FOR RULE 2004 EXAM OF DEBTOR

Exhibit A, pg. 4 of 6

1 | Respectfully submitted,
2 | May ___, 2010
  | THE MATTHEW NECO FIRM
3 |
4 | By:_____
  | MATTHEW A. NECO
  | Attorney for Movant
5 | DANIEL S. MANNING
6 |
  | Agreed to as to form:
7 | THE BANKRUPCTY LAW FIRM, PC
8 | By: _____
  | KATHLEEN P. MARCH,
9 | attorney for Debtor,
  | JOAN E. MANNING
10 |
11 |
12 |
13 | ord - proposed order on Manning Mot Rule 2004 Exam - 0100506.009a.docx

---
5    Case No. 2:10-bk-17937-RN
ORDER GRANTING MOTION OF DANIEL MANNING FOR RULE 2004 EXAM OF DEBTOR

Exhibit A, pg. 50 of 6

1 | Respectfully submitted,
2 | May __, 2010
THE MATTHEW NECO FIRM

3 | By: _____
4 | MATTHEW A. NECO
Attorney for Movant
5 | DANIEL S. MANNING

6 | Agreed to as to form:
7 | THE BANKRUPCTY LAW FIRM, PC

8 | By: _____
KATHLEEN P. MARCH,
9 | attorney for Debtor,
JOAN E. MANNING
10 |

13 | ord - proposed order on Manning Mot Rule 2004 Exam -BkyLawFirm rev 050710..docx

---

5       Case No. 2:10-bk-17937-RN
ORDER GRANTING MOTION OF DANIEL MANNING FOR RULE 2004 EXAM OF DEBTOR

Exhibit A, pg. 6 of 6

**NOTE:** When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: P.O. Box 161, Santa Monica, California, 90406.

The foregoing document described **"NOTICE OF MOTION AND MOTION OF DANIEL S. MANNING TO TAKE A BANKRUPTCY RULE 2004 EXAMINATION OF AND RECEIVE PRODUCTION OF DOCUMENTS FROM THE DEBTOR"** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 10, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

___    Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **May 10, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

_X_    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 10, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

_X_    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 10, 2010 | Trevor Hunter | *[signature]* |
|---|---|---|
| Date | Name | Signature |

---

PROOF OF SERVICE

## SERVICE LIST

**VIA U.S. Mail**

Counsel for Debtor
Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 West Pico Blvd, Suite 212
Los Angeles, California 90064
Phone: 310-559-9224
Fax: 310-559-9133
E-mail: kmarch@BKYLAWFIRM.com

Debtor
Joan Elizabeth Manning
2200 Colorado Avenue, Apt. 248
Santa Monica, California 90404

Chapter 7 Trustee
Rosendo Gonzalez
Gonzalez & Associates
515 South Figueroa Street, Suite 1970
Los Angeles, California 90071
Facsimile: (213) 452-0080

U. S. Trustee
United States Trustee (LA)
725 S Figueroa Street, 26th Floor
Los Angeles, California 90017


**VIA E-Mail**

Counsel for Debtor
Kathleen P. March, Esq.
The Bankruptcy Law Firm, PC
10524 West Pico Boulevard, Suite 212
Los Angeles, California 90064
E-mail: kmarch@BKYLAWFIRM.com


**VIA Personal Service**
Honorable Richard M. Neiter
Bin Outside of Suite 1652

PROOF OF SERVICE